UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-05636-MWC-SSC                    Date: August 26, 2025

Title   Marcus Clarke v. Warden Brian Birkholz

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE RE SERVICE OF COMPLAINT**

   On July 1, 2024, Plaintiff Marcus Clarke, a prisoner, filed this action *pro se* against Brian Birkholz, the Warden of the Federal Correctional Institution, Lompoc.  (ECF 1.)  The next month, Plaintiff paid the filing fee. (ECF 4.)

   On September 3, 2025, having reviewed the complaint this Court ordered Plaintiff to elect whether he intended to proceed on claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), on his non-*Bivens* claims  On April 11, 2025, Plaintiff filed a document in which he stated it was his intention to forgo any non-*Bivens* claims and proceed in this action on *Bivens* claims only.  (ECF 18.)  On April 24, 2025, the Court issued an order permitting Plaintiff to serve his complaint.  (ECF 20.)  Along with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-05636-MWC-SSC          Date: August 26, 2025

Title    Marcus Clarke v. Warden Brian Birkholz

the order, the Clerk transmitted a blank summons, and a copy of Rule 4 of the Federal Rules of Civil Procedure.

Pursuant to Rule 4, a defendant must be served with the summons and complaint no later than 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  Here, that 90-day deadline ran from the Court's April 24, 2025 order permitting service (ECF 20), making the deadline July 23, 2025.

Absent a showing of good cause, if a defendant is not served timely, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*  Rule 4 also states that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l).

Further, under Local Rule 4-6 of this Court's Local Civil Rules, Plaintiff was required to

> file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service. Failure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service.

It is well beyond the 90-day deadline and Plaintiff has not filed a proof of service.  Accordingly, Plaintiff is **ORDERED TO SHOW**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-05636-MWC-SSC          Date: August 26, 2025

Title   Marcus Clarke v. Warden Brian Birkholz

**CAUSE** in writing why this action should not be dismissed for failure to effectuate service.  Plaintiff shall respond to this order no later than **September 16, 2025**.

The Court notes that it has warned Plaintiff multiple times regarding his failures to prosecute this case in a timely manner and to follow Court orders.  (ECF 6, 12, 17.)

**Plaintiff is cautioned that if he fails to file a timely response to the order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

:

Initials of Preparer   **ts**